# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**In Re: Procedure for Assertion of Privilege**

Case No:   6: 19-mc-32-Orl-LRH

_____

## STANDING ORDER REGARDING PRIVILEGE LOGS

In order to establish a procedure for designating information and documents withheld from discovery in a case based on a privilege or protection, it is **ORDERED** that parties in cases in which the undersigned is the assigned Magistrate Judge shall follow the following procedure, unless and until superseded by another order:

As to each item of information or document, or portion thereof, withheld from production in response to a written discovery request or during a deposition, the party withholding the information or document shall timely serve upon opposing counsel and unrepresented parties a privilege log. The privilege log shall be served simultaneously with the response to written discovery requests in which the information, communications, or documents are withheld on the basis of privilege.   With respect to privileges or other protections from discovery asserted during depositions, the information required in a privilege log shall be stated on the record at the time the objection to disclosure of the communication, information, or document is made.

The privilege log shall contain the following information:

a. The name and job title or capacity of the provider of the information or author of the document;

b. The name and job title or capacity of each recipient of the information or document;

  c. The date the information was learned or the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its provider(s) or author(s);

  d. The title and/or description of the information or document;

  e. The subject matter addressed in the information or document;

  f. The purpose(s) for which the information or document was prepared or communicated;

  g. The degree of confidentiality with which the information or document was treated at the time of its creation and transmission, and since; and

  h. The specific basis for the claim that it is privileged or protected.[1]

Should the validity of the asserted privileges and protections be challenged, the parties should first engage in a good faith effort to resolve the dispute without court intervention. See Fed. R. Civ. P. 26(c)(1); Local Rule 3.01(g). Ultimately, the party asserting the privilege bears the burden of demonstrating the privilege applies. *See, e.g., Tyne v. Time Warner Entm't Co., L.P.*, 212 F.R.D. 596, 599 (M.D. Fla. 2002). Accordingly, if the parties are unable to resolve the dispute without court intervention, then the party asserting the privileges and protections must provide the following in support of a motion for a protective order or in response to a motion to compel production of the allegedly privileged or protected information or documents: (1) a memorandum of law discussing the elements of each privilege or protection asserted within fourteen (14) days after the good faith conference; (2) the privilege log for the documents at issue; and, (3) an appendix containing "affidavits, deposition testimony, other sworn statements or other evidence" upon which the party relies to support each element of each asserted privilege or protection in dispute. *See CSX*

---

[1] The Court is not requiring the responding party to disclose the contents of any privileged matter in the privilege log.

*Transp., Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at *5 (M.D. Fla. July 20, 1995). The appendix shall be organized so that the evidence submitted in support of the privileges or protections asserted is specifically correlated with the information or document to which the evidence applies. The privilege log, appendix, and accompanying memorandum of law must be sufficient to establish a prima facie case to support assertion of each privilege or protection. No party may submit documents for the Court's in camera review, unless the Court issues a subsequent order requesting such submissions. *See id.* (court not required to undertake in camera review of documents when proponent of work product doctrine has failed to meet its burden of presenting sufficient evidentiary support for application of the protection).

Any response to the motion for protective order shall be filed within 14 days (unless a shorter period is stated in a separate court order). In response to the motion for protective order, the party challenging the assertion of privilege shall state with particularity the factual and legal basis why each assertion of privilege should be overruled. If the party challenging the assertions of privilege fails to address each assertion thereof with particularity, the Court will not overrule the assertion of privilege.

The Court expects strict adherence to this order. If the party asserting privilege fails to file a motion for protective order within fourteen (14) days of the good faith conference, the party challenging the assertion of privilege may file a motion to compel. In the motion to compel, the party challenging the assertion of privilege shall specifically certify that the party asserting privilege failed to file a motion for protective order as required by this order. Failure to certify the same will result in the denial of a motion to compel with respect to the assertion of privilege.

**DONE** and **ORDERED** in Orlando, Florida on June 17, 2019.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties